## People v. Anderson.

*District Court of Arapahoe County. Division 5, April 25, 1900*

Booth M. Malone and Daniel Prescott for the People; John G. Taylor, R. H. Gilmore and John A. Lovell for defendant.

A jury having been empanelled and the cause tried, the court instructed the jury as follows:

PALMER, J. charging the jury.

Gentlemen of the Jury, you are instructed as follows:

1. The information in this case charges the prisoner at the bar, William W. Anderson, on to-wit: The 13th day of January in the year of our Lord one thousand nine hundred, at the county of Arapahoe, in the state of Colorado, with a deadly weapon, to-wit: a revolver, which he, the said William W. Anderson, then and there had and held, then and there feloniously, wilfully and of his malice aforethought, did make an assault on one Harry H. Tammen, with intent then and there feloniously, wilfully and of his malice aforethought, to kill and murder the said Harry H. Tammen.

2. You are instructed that an assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.

3. Murder is the unlawful killing of a human being with malice aforethought, either express or implied. The unlawful killing may be effected by any of the various means by which death may be occasioned. All murder perpetrated by means of poison, lying in wait, torture, or by any kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, mayhem or burglary, or perpetrated from a deliberate and premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, or perpetrated by any act greatly dangerous to the lives of the others and indicating a depraved mind regardless of human life, shall be deemed murder of the first degree. All other kinds of murder shall be deemed murder of the second degree.

4. To constitute murder of the first degree, the killing must be with deliberation and premeditation. That is, that the defend-

ant conceived the intention to kill, that he meditated upon it and that he formed, and afterwards executed, such intention to take life. Time, however, is not essential if there was a design and determination to kill formed in the mind of the defendant previous to or at the time the mortal wound was given. It matters not how short the interval if it was sufficient for one thought to follow another, and the defendant actually formed the design to kill, and deliberated and premeditated upon such design before inflicting the mortal wound, this is sufficient to raise the crime to murder of the first degree.

5. Manslaughter is the unlawful killing of a human being without malice either express or implied, and without any mixture of deliberation whatever. Manslaughter is either voluntary, or involuntary. In cases of voluntary manslaughter there must be a serious and highly provoking injury inflicted upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing. The killing must be the result of that sudden violent impulse of passion supposed to be irresistible; for if there should appear to have been an interval between the assault or provocation given and the killing sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and punished as murder. Involuntary manslaughter consists in the killing of a human being without intent to do so; in the commission of an unlawful act, or a lawful act which might probably produce such a consequence in an unlawful manner. Where the involuntary killing occurs in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder.

6. The provocation which will reduce a voluntary killing from the crime of murder to that of manslaughter must be a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing. In other words, the passion must proceed from an adequate cause.

To constitute murder in the first degree, there must be malice, and there must also be deliberation and premeditation. To

constitute murder of the second degree, there must be malice, but there need not be either premeditation or deliberation. Manslaughter is the unlawful killing of a human being without malice, and without any mixture of premeditation or deliberation.

Malice in the legal acceptation of the word, is not confined to personal hatred or spite, but it describes any unlawful act done wilfully and purposely to the prejudice and injury of another. Malice is implied in law from a wilful and criminal act, unless the evidence shows that the defendant was acting from some innocent or proper motive.

When the assault is committed with a deadly weapon, or a weapon calculated to produce death, malice may be legitimately inferred in the absence of proof that the act was done in necessary self-defense or upon sufficient provocation or cause.

You are instructed that mere words, however violent or abusive in their character, unaccompanied by any overt act of hostility, do not constitute any justification, provocation or excuse for an assault.

In considering the question of provocation you are to take into consideration all the circumstances of the case which have been established by the evidence; the previous conduct of the defendant, the frame of mind which he was in, the time which elapsed between the giving of provocation and the use of the weapon, the deadly nature of the weapon, and the repetition of its use. You are also to consider whether or not the said Harry H. Tammen gave any provocation whatever to the defendant. And if you find from the evidence, beyond a reasonable doubt, that between the time of giving of provocation and the use of the weapon the defendant displayed thought, contrivance and design, you will be warranted in finding that such exercise of contrivance and design indicated rather the presence of judgment and reason than of violent and ungovernable passion.

You are instructed that to justify the killing of another on the ground of fear of bodily harm, there must be reasonable cause for such fear, and that it is not sufficient to show that the defendant was in actual fear. The criminal law, while indulging to a humane extent the infirmatives of human nature, nevertheless requires of sane men the exercise of a mastery over their fears as well as their passions.

You are further instructed, that if a person assaults another in self-defense, it must appear that the danger was so urgent and pressing that in order to save his own life or to prevent his receiving great bodily injury, the assault was absolutely necessary. And it must appear also that the person assaulted was the assailant, or the one committing the assault had really in good faith endeavored to decline any further struggle before the blow was given.

If you find from all the evidence that the assault was in necessary self-defense the law does not impute any crime, and the prisoner will be entitled to an acquittal. The law upon this subject is: If a person assault another in self-defense it must appear that the danger was so urgent and pressing that in order to save his own life or to prevent his receiving great bodily harm the assaulting of the other was absolutely necessary; and it must appear also that the said Tammen was the assailant or that the said Anderson had really and in good faith endeavored to decline any further struggle before he inflicted the wound upon said Tammen. If the prisoner was unlawfully assaulted by the said Tammen he had a right to repel the attack, using sufficient force for that purpose, but he could not lawfully do more; and if the assault ceased before said defendant had shot said Tammen, or if the prisoner was not reduced to such apparent extremity or danger as reasonably appeared to be absolutely necessary for the prisoner to assault the said Tammen to save his own life or to prevent him receiving great bodily harm, then in such case you cannot find that the act was done in self-defense.

You are instructed that no one has a right to kill another even in self-defense, unless such killing is apparently necessary for such defense. Before a person can justify taking the life of a human being, on the ground of self-defense, he must, when attacked, employ all reasonable means within his power consistent with his safety to avoid the danger and avert the necessity of killing.

You are instructed that one must be wholly without fault to justify the killing of another in self-defense, Real or apparent necessity, which necessity was brought about by the connivance or fault of the defendant is no excuse.

The court instructs the jury, that although they should find, from the evidence, that the said Harry H. Tammen and the defendant got into a quarrel at the time in question, and

that the said Harry H. Tammen followed the defendant up in a threatening manner, still the defendant would have no right to assault the said Harry H. Tammen with a deadly weapon in a manner calculated to take life, or do great bodily injury, unless the circumstances were such as to lead a reasonable person to believe that such an assault was necessary, on the part of the said defendant, in self-defense, or to prevent receiving a great bodily injury himself.

You] are instructed that a person who seeks and brings on a difficulty can not avail himself of the right of self-defense, in order to shield himself from the consequences of assaulting his adversary, however imminent the danger in which he may have found himself in the progress of the affray. And in this case, if you find from the evidence, beyond a reasonable doubt, that defendant and Harry H. Tammen had a difficulty which resulted in the wounds to the said Harry H. Tammen at the hands of the defendant, and that the defendant commenced the difficulty, or brought it on by any wilful and unlawful act of his, committed at the time, or that he voluntarily and of his own free will and inclination, entered into the difficulty, then there is no self-defense in this case and you should not acquit on that ground.

You are further instructed that the doctrine of self-defense is not available in a case where the defendant was not reasonably free from fault in necessitating the assault, nor can it be involved unless the evidence tends to show that the defendant was, or appeared to be, so menaced at the time by some overt act on the part of the assailant as to create in the mind of the defendant a reasonable apprehension of danger to his life or of the infliction upon him of a great bodily injury, and that there was no other reasonable mode of effecting escape from such impending danger.

In weighing the evidence you are to distinguish insanity from passion. One may be so far infuriated by passion, excited by real or fancied injury, as to yield himself up blindly to its impulse, and not know what he does. But such passion is not insanity. One who does not control his passions is to blame, but an insane man is not to blame. He is prostrated by disease of body which has so far affected his mind that he is innocent in being unable to distinguish right from wrong. If one has always been sane prior to the commission of an act, this tends to prove that he was sane

when he committed it. Also, if one is sane just after having committed an act, it tends to prove that he was sane when he committed it. On the contrary, if one has been insane a short time prior to the commission of an act, this tends to prove that he was insane when he committed it. Also, if one is insane just before committing an act it tends to prove that he was insane when he committed it. If one has been sane at all times, both before and since, doing an act, or insane both before and since, the presumption in either case is very much strengthened, and it is for you to weigh and apply the proofs.

The jury is instructed that in this case the defendant is on trial upon a charge for an assault with a deadly weapon, with intent to kill and murder one H. H. Tammen, and before you can find him guilty you must bel.eve beyond a reasonable doubt, from all of the testimony and circumstances in the case, that if death had resulted from the gun shot wounds which is admitted were inflicted the defendant would be guilty of the crime of murder in one or the other degrees, as herein defined to you in these instructions.

The further instructions asked for defendant were also given as follows:

The jury are instructed that in determining whether or not the defendant was justified in firing the shots and inflicting the wounds upon H. H. Tammen, they are at liberty to take into consideration, all of the facts and circumstances which have been established to their minds by the evidence in this case; and in that connection the defendant's mental and physical condition at the time the shots were fired, his ability at that time to judge clearly and discriminate accurately as to what his true position was at the time; and if you believe from the evidence and facts and circumstances that the defendant then, as he viewed the situation, believed and was justified in believing that his life was in danger or that he was in danger of great bodily harm, and fired the shots under that conviction, and not under the impulses of malice, deliberation and revenge, you will find him not guilty.

The court has defined in these instructions, what the crime of murder in the first and second degrees consists of in law, also what the crime of manslaughter consists of in law, and you are instructed that in this case the crime for which the defendant stands

charged must be proven beyond a reasonable doubt to possess the elements which are described in the definitions of murder in the first and second degree, and if you find from the evidence that these elements of malice, deliberation and intent were present in his mind at the time he fired the shots, then you will find him guilty as charged in the information.

You are further instructed that if you believe from the facts and circumstances that the shots were fired under provocation and in the heat of blood, and under circumstances as defined to you in the crime of manslaughter, then and in that event the offense for which the defendant stands charged, has not been proven, and you will find him not guilty.

The court further instructs the jury that if they believe from the evidence in this case that Frederick G. Bonfils and H. H. Tammen were present and co-operating together in furtherance of a preconcerted plan, or aiding and abetting each other in the commission of any attack upon the defendant, W. W. Anderson, and that a blow or any blows were struck or kicks administered, it is a matter of no consequence which one of the two assailants may have delivered the blow; and if you believe from the evidence in this case that such blows as were inflicted upon W. W. Anderson, were delivered only by Frederick G. Bonfils, yet if you also believe that the witness Tammen was aiding and abetting and co-operating in the assault, then any provocation or injury which was inflicted upon the defendant under these circumstances, is just as much chargeable to the witness Tammen as to the witness Bonfils.

After due deliberation the jury disagreed and was discharged.